■ MOBIL OIL CORPORATION, Respondent, v CHRISTIAN OIL & GAS DISTRIBUTORS, INC., Doing Business as DAMELI SERVICE CENTER, Defendant, and OSCAR PORCELLI, Appellant. — In an action predicated on a retail dealer contract, defendant Oscar Porcelli appeals from an order of the Supreme Court, Queens County (Miller, J.), dated November 19, 1982, which, *inter alia,* (1) granted plaintiff's motion for a default judgment against him and set the case down for an inquest, and (2) denied defendant Porcelli's cross motion "for an order directing that the Plaintiff accept service of the Verified Answer of Defendant Oscar Porcelli". Order affirmed, with costs. Plaintiff commenced this action

against defendants on April 4, 1981, by service of a summons and complaint. On April 27, 1981 defendants were given a 30-day extension to answer. No answer was forthcoming and thereafter, over the next several months, plaintiff made inquiries on at least two occasions as to whether defendants were going to answer. Finally, on May 7, 1982, plaintiff's attorney mailed a copy of the summons to defendant Porcelli as required by the "additional notice" requirement set forth in CPLR 308 (as amd by L 1977, ch 344, § 1). The other defendant, Christian Oil & Gas Distributors, Inc., of which defendant Porcelli is the principal stockholder, had also defaulted, and, on May 20, 1982, plaintiff obtained an order (Lerner, J.), adjudging it to be in default and setting the matter down for an inquest as to it. By letter dated May 25, 1982, both defendants sought to serve a joint answer on plaintiff. Their answer was rejected as untimely. Thereafter, by order to show cause dated June 15, 1982, defendants sought, among other things, an order "directing plaintiff to accept service of the defendants' answer". That application was denied by Justice Santucci, in an order dated July 16, 1982. Subsequently, on or about August 23, 1982, plaintiff moved pursuant to CPLR 3215 for a default judgment against Porcelli, whereupon the latter cross-moved "for an order directing that the Plaintiff accept service of the Verified Answer of Defendant Oscar Porcelli". It is apparent from a reading of the record that defendant Porcelli's cross motion essentially seeks reargument of the defendants' prior motion and, as such, should have been referred to the Judge who decided the motion, to consider in his discretion (CPLR 2221; *Marine Midland Bank v Fisher*, 85 AD2d 905). Nonetheless, in the interest of judicial economy and under the circumstances of this case, we will exercise our discretion by addressing the cross motion on the merits (see *Osserman v Osserman*, 92 AD2d 932). The excuses given by defendant Porcelli for the delay in answering amount to nothing more than law office failure. The motion to compel acceptance of a late answer was, in effect, a motion seeking an extension of time in which to serve an answer (*Williams v City of New York*, 85 AD2d 633). As such, it should be considered under the standard set forth in *A & J Concrete Corp. v Arker* (54 NY2d 870). Because the delay was lengthy, with at least overtones of willfulness, we conclude that the application was properly denied. On his cross motion, defendant Porcelli also raised, for the first time, the contention that the "additional notice" requirement of CPLR 308 serves to extend the time to appear. Such is not the case. Rather, it is intended to give the defendant notice that a default judgment is imminent so that he may take remedial action if he desires (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215:29). Defendant Porcelli, not having raised in his cross motion anything else of note, was correctly adjudicated to be in default. Gibbons, J. P., Thompson, Weinstein and Rubin, JJ., concur.