■ PATRICK McCOY, Appellant, v NOEL TEPPER, Respondent. [717 NYS2d 358] —In an action to recover damages for legal malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Dutchess County (Pagones, J.), dated December 23, 1999, which denied his motion to restore the action to the trial calendar, and (2), as limited by his brief, from so much of an order of the same court, dated March 30, 2000, as denied that branch of his motion which was for leave to renew.

Ordered that the order dated December 23, 1999, is reversed, on the law, the motion is granted, and the action is restored to the trial calendar; and it is further,

Ordered that the appeal from the order dated March 30, 2000, is dismissed as academic; and it is further,

Ordered that the appellant is awarded one bill of costs.

The plaintiff commenced this action against the defendant to recover damages for legal malpractice. By order dated May 24, 1999, the Supreme Court, Dutchess County, denied the defendant's motion for summary judgment. While the defendant's appeal from that order was pending, and as the date scheduled for the commencement of trial approached, the plaintiff requested an adjournment pending this Court's determination of the appeal. The Supreme Court denied the application. Upon the plaintiff's second request for an adjournment of the trial date on the ground that the defendant could not complete court-ordered, out-of-State depositions before the scheduled trial date, the Supreme Court marked the action off the calendar.

The Supreme Court improvidently exercised its discretion in denying the plaintiff's motion to restore the matter to the trial calendar. The plaintiff's submission of a copy of this Court's decision and order affirming the order denying the defendant's motion for summary judgment (*see, McCoy v Tepper,* 261 AD2d 592) fulfilled the plaintiff's burden under 22 NYCRR 202.21 (f) which requires, *inter alia,* that the moving party show that the cause of action has merit. In affirming the order denying sum-

mary judgment to the defendant, this Court found that the plaintiff had raised triable issues of fact regarding the defendant's alleged malpractice, implying that the plaintiff's cause of action has merit. Under the circumstances, it was unnecessary for the plaintiff to offer additional proof as to the merit of his cause of action. Accordingly, the plaintiff's motion is granted and the action is restored to the trial calendar. Goldstein, J. P., McGinity, Luciano and Feuerstein, JJ., concur.