■ ELIOT F. BLOOM, Appellant, v PRIMUS AUTOMOTIVE FINANCIAL SERVICES, INC., Doing Business as MAZDA AMERICAN CREDIT, Respondent. [738 NYS2d 861] —In an action, inter alia, to recover damages for negligence and defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Burke, J.), dated May 14, 2001, as denied that branch of his motion which was for leave to renew his prior motion to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, the branch of the motion which was for leave to renew is granted, the judgment dated July 24, 2000, dismissing the action is vacated, and the motion to restore the action to the trial calendar is granted.

This action was dismissed by judgment dated July 24, 2000, pursuant to 22 NYCRR 202.27, based upon the plaintiff's failure to appear at the call of the calendar on May 22, 2000, and June 29, 2000. A case dismissed pursuant to 22 NYCRR 202.27 may be restored only if the plaintiff can demonstrate both a reasonable excuse for the default in appearing and that a meritorious cause of action exists (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190).

In support of his motion for leave to renew, the plaintiff submitted a statement from his attorney, who had firsthand knowledge of the facts underlying the defaults. While a motion for leave generally should be based on newly-discovered facts, the rule is flexible, and a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided the movant offers a reasonable justification for the failure to submit the additional facts on the original motion (*see,* CPLR 2221 [e]; *Morrison v Rosenberg,* 278 AD2d 392; *Karlin v Bridges,* 172 AD2d 644). Under the circumstances of this case, the court, in its discretion, should have granted that branch of the plaintiff's motion which was for leave to renew his prior motion (*see, Karlin v Bridges, supra*).

Furthermore, upon granting renewal, the plaintiff's motion to restore should have been granted. The affidavit of the plaintiff's attorney presented a reasonable excuse for the defaults. In addition, the plaintiff's submission of an order of the same court denying, for the most part, the defendant's mo-

tion for summary judgment, fulfilled the plaintiff's burden under 22 NYCRR 202.21 (f) which requires, inter alia, that the moving party show that the action has merit (*see, McCoy v Tepper,* 278 AD2d 391). Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.