■ Lynne Travis, Appellant, v Sidney H. Cuff et al., Defendants, and David Farber et al., Respondents. [814 NYS2d 681]—

In an action, inter alia, to recover damages for personal injuries and for medical malpractice, the plaintiff appeals from (1) a judgment of the Supreme Court, Nassau County (Parga, J.), entered October 4, 2004, which, upon an order of the same court entered May 27, 2004, dismissing the action insofar as asserted against the defendants David Farber, Peter J. Ajemian, and Orthopedic & Sports Medicine Institute of Long Island for neglect to prosecute, dismissed the complaint insofar as asserted against those defendants, and (2) an order of the same

court dated May 13, 2005, which denied her motion to vacate the judgment.

Ordered that the order dated May 13, 2005 is reversed, on the law, the motion is granted, the judgment and the order entered May 27, 2004 are vacated, and the complaint is reinstated insofar as asserted against the defendants David Farber, Peter J. Ajemian, and Orthopedic & Sports Medicine Institute of Long Island; and it is further,

Ordered that the appeal from the judgment is dismissed as academic in light of our determination on the appeal from the order; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

By order dated May 15, 2003, the court, on its own motion, vacated the note of issue upon a finding that the case was not ready for trial (*see* 22 NYCRR 202.21 [e]). When the plaintiff failed to refile the note of issue, the court entered an order on May 27, 2004, dismissing the action insofar as asserted against the defendants David Farber, Peter J. Ajemian, and the Orthopedic & Sports Medicine Institute of Long Island for "neglect in prosecution." This was error.

The court's order vacating the note of issue was not equivalent to an order striking the case from the calendar pursuant to CPLR 3404, rather, it merely placed the action back into pre-note of issue status (*see Islam v Katz Realty Co.*, 296 AD2d 566 [2002]; *Basetti v Nour*, 287 AD2d 126, 133 [2001]). Since CPLR 3404 is inapplicable to pre-note of issue cases (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 196-197 [2001]), that statute did not provide a basis for the court to dismiss the action. Further, an action in pre-note of issue status may be dismissed for want of prosecution only if the statutory preconditions for such dismissal are met (*see* CPLR 3216; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Delgado v New York City Hous. Auth.*, 21 AD3d 522 [2005]), and here, those preconditions were not met. Accordingly, the plaintiff's motion to vacate the judgment of dismissal should have been granted. Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.