■ Suburban Restoration Co., Inc., Appellant, v Louis J. Viglotti et al., Respondents. [863 NYS2d 724]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Dutchess County (Pagones, J.), dated January 18, 2007, which, sua sponte, directed dismissal of the action as abandoned pursuant to CPLR 3404 and (2) an order of the same court dated May 4, 2007, which denied the plaintiff's motion, in effect, for leave to renew its prior motion pursuant to 22 NYCRR 202.21 (f) to reinstate the note of issue, which had been determined in an order of the same court dated May 31, 2006.

Ordered that on the Court's own motion, the notice of appeal from the order dated January 18, 2007, is deemed to be an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated January 18, 2007, is reversed, on the law; and it is further,

Ordered that the order dated May 4, 2007, is reversed, on the law, the plaintiff's motion, in effect, for leave to renew its prior motion to reinstate the note of issue is granted, upon renewal, the order dated May 31, 2006, is vacated, the plaintiff's motion to reinstate the note of issue is granted, and the note of issue is reinstated; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In an order dated January 13, 2006, the Supreme Court, inter alia, vacated the note of issue. Pursuant to that order, however, the action was not "marked 'off' " the calendar, within the meaning of CPLR 3404 (*see Barbu v Savescu*, 49 AD3d 678 [2008]; *see generally Basetti v Nour*, 287 AD2d 126, 132-133 [2001]). The court's order vacating the note of issue, rather than being equivalent to an order striking the case from the calendar pursuant to CPLR 3404, merely placed the action back into pre-note of issue status (*see Galati v C. Raimondo & Sons Constr. Co., Inc.*, 35 AD3d 805, 806 [2006]; *Andre v Bonetto*

*Realty Corp.*, 32 AD3d 973, 974-975 [2006]; *Islam v Katz Realty Co.*, 296 AD2d 566 [2002]; *Basetti v Nour*, 287 AD2d 126, 133 [2001]). Since CPLR 3404 is inapplicable to pre-note of issue cases (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 196-197 [2001]), that statute did not provide a basis for the court to direct dismissal of the action (*see Andre v Bonetto Realty Corp.*, 32 AD3d 973, 975 [2006]; *see also Hemberger v Jamaica Hosp.*, 306 AD2d 244 [2003]).

Further, an action in pre-note of issue status may be dismissed for want of prosecution only if the statutory preconditions for such dismissal are met (*see* CPLR 3216; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Burdick v Marcus*, 17 AD3d 388, 388-389 [2005]), and here, those preconditions were not met (*see e.g. Delgado v New York City Hous. Auth.*, 21 AD3d 522, 523 [2005]).

The Supreme Court improvidently denied the plaintiff's motion, in effect, for leave to renew its motion pursuant to 22 NYCRR 202.21 (f) to reinstate the note of issue (*see* CPLR 2221 [e]). The plaintiff's motion, in effect, for leave to renew, was supported by a proper and sufficient certificate of readiness and by an affidavit by a person having first-hand knowledge showing that there was merit to the action, satisfactorily showing the reasons for the acts or omissions which led to the note of issue being vacated, stating meritorious reasons for its reinstatement, and showing that the case was ready for trial (*see* 22 NYCRR 202.21 [f]; *Bloom v Primus Automotive Fin. Servs.*, 292 AD2d 410, 410-411 [2002]; *McCoy v Tepper*, 278 AD2d 391, 391-392 [2000]).

The defendants' remaining contention is not properly before this Court. Skelos, J.P., Santucci, Covello, McCarthy and Chambers, JJ., concur.