■ Don Dokaj et al., Appellants, v Ruxton Tower Limited Partnership et al., Respondents. (And a Third-Party Action.) [865 NYS2d 653]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Schulman, J.), dated January 26, 2007, as denied their motion, in effect, to vacate the automatic dismissal of the action pursuant to CPLR 3404.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion, in effect, to vacate the automatic dismissal of the action pursuant to CPLR 3404 is granted.

In an order dated May 9, 2000, issued after the plaintiffs filed a note of issue, the Supreme Court granted motions to compel certain discovery. In so doing, the court indicated that because "discovery had not been completed," the note of issue was "stricken," and could be "re-file[d]" upon the completion of discovery. However, the note of issue was never re-filed.

On May 10, 2000 the action was stricken from the trial calendar. One year later the action was automatically dismissed pursuant to CPLR 3404.

When an action is stricken from the trial calendar as a result

of the vacatur of the note of issue, the action returns to pre-note of issue status (see Galati v C. Raimondo & Sons Constr. Co., Inc., 35 AD3d 805, 806 [2006]; Travis v Cuff, 28 AD3d 749, 750 [2006]). Since CPLR 3404 is inapplicable in an action in pre-note of issue status, that statute did not provide a basis for the dismissal of the action (see Galati v C. Raimondo & Sons Constr. Co., Inc., 35 AD3d at 806; Travis v Cuff, 28 AD3d 749, 750 [2006]).

Thus, the instant action was improperly dismissed pursuant to CPLR 3404. Under these circumstances, the plaintiffs should not have been required to move to vacate the dismissal of the action (cf. Andre v Bonetto Realty Corp., 32 AD3d 973, 975 [2006]; Travis v Cuff, 28 AD3d 749, 750 [2006]). Skelos, J.P., Covello, Balkin and Dickerson, JJ., concur.