■ REGINA SELLITTO et al., Respondents, v WOMEN'S HEALTH CARE SPECIALISTS et al., Appellants, et al., Defendant. [872 NYS2d 513]—

In an action to recover damages for medical malpractice, etc., the defendants Women's Health Care Specialists, David M. Herzog, Michael A. Schirripa, Francis X. Martingano, and Christopher La Porta appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated February 4, 2008, which granted the plaintiffs' motion, inter alia, to restore the action to the trial calendar.

Ordered that the order is affirmed, with costs.

By order dated February 22, 2005, the Supreme Court, sua sponte, vacated the note of issue pursuant to 22 NYCRR 202.21 (e) and struck the action from the trial calendar upon the plaintiffs' inability to proceed to trial. By order dated June 6, 2005, the Supreme Court directed the plaintiffs to file a note of issue on or before July 6, 2005, or the action would be dismissed. When the plaintiffs failed to file a note of issue, the action was dismissed on July 22, 2005. By notice of motion dated July 23, 2007, the plaintiffs moved, inter alia, to restore the action to the trial calendar. The Supreme Court granted the motion.

Contrary to the appellants' contention, the court's order vacating the note of issue and striking the action from the trial calendar placed the action back into pre-note of issue status (see Dokaj v Ruxton Tower Ltd. Partnership, 55 AD3d 661 [2008]; Suburban Restoration Co., Inc. v Viglotti, 54 AD3d 750, 751 [2008]; Galati v C. Raimondo & Sons Constr. Co., Inc., 35 AD3d 805, 806 [2006]). Since CPLR 3404 was inapplicable to this pre-note of issue action, it did not provide a basis for the dismissal of the action (see Suburban Restoration Co., Inc. v Viglotti, 54

AD3d at 751; *Galati v C. Raimondo & Sons Constr. Co., Inc.*, 35 AD3d at 806; *Travis v Cuff*, 28 AD3d 749, 750 [2006]).

Moreover, because this action was in pre-note of issue status, it could be dismissed for want of prosecution only if the statutory preconditions for such dismissal were met (*see* CPLR 3216; *Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Delgado v New York City Hous. Auth.*, 21 AD3d 522 [2005]), and here, those preconditions were not met (*see e.g. Ratway v Donnenfeld*, 43 AD3d 465, 466 [2007]; *Heifetz v Godoy*, 38 AD3d 605 [2007]; *Delgado v New York City Hous. Auth.*, 21 AD3d 522, 523 [2005]). Accordingly, the Supreme Court properly granted the plaintiffs' motion, inter alia, to restore the action to the trial calendar. Fisher, J.P., Florio, Carni and Eng, JJ., concur.