■ EXPRESS SHIPPING, LTD., et al., Respondents, v MARK GOLD, Appellant. [880 NYS2d 183]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Richmond County (Fusco, J.), dated November 25, 2008, which denied his motion to restore the action to the court's calendar and for summary judgment in his favor on the first and fourth counterclaims, and, in effect, directed the dismissal of the defendant's first and fourth counterclaims.

Ordered that the order is modified, on the law, (1) by deleting the provisions thereof denying those branches of the defendant's motion which were to restore the action to the court's calendar and for summary judgment on the first counterclaim, and substituting therefor provisions granting those branches of the defendant's motion, and (2) by adding thereto a provision searching the record and upon searching the record, awarding the plaintiffs summary judgment dismissing the defendant's fourth counterclaim; as so modified, the order is affirmed, with costs to the defendant.

The plaintiffs and the defendant entered into a stock sale agreement (hereinafter SSA) pursuant to which the individual plaintiffs Michael Aronov and Michael Gorodetsky purchased the defendant's shares of stock in the plaintiff corporation Express Shipping, Ltd., for $100,000. The individual plaintiffs each signed a guaranty unconditionally guaranteeing the payment of the purchase price to the defendant and agreeing to forgo all defenses to any action brought pursuant to the guaranties. After paying the initial $25,000 installment towards the purchase price, the individual plaintiffs made no further payments and the plaintiffs commenced this action, inter alia, to recover damages for breach of contract, in which they allege that the defendant violated a noncompetition clause in the SSA.

By order dated May 11, 2005, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiffs appealed and by decision and order dated October 24, 2006, this Court affirmed the order (*see Express Shipping, Ltd. v Gold*, 33 AD3d 847 [2006]).

Although the defendant interposed six counterclaims against the plaintiffs in his answer, a clerk in the Supreme Court, Richmond County, marked the matter disposed as of May 12, 2005, one day after the date of the Supreme Court's order dismissing the complaint. Neither party had filed a note of issue. The defendant did not discover that the matter had been marked disposed until August 2008. By notice of motion dated August 11, 2008, the defendant moved to restore the counterclaims to the court's calendar and for summary judgment in his favor on the first counterclaim alleging breach of contract and the fourth counterclaim seeking specific performance of the SSA. The Supreme Court denied the defendant's motion to restore upon the ground that the defendant failed to offer any reason for the 39-month delay in prosecuting the counterclaims, and, in effect, directed the dismissal of the counterclaims for want of prosecution without reaching the merits of those branches of the defendant's motion which were for summary judgment in his favor on the first and fourth counterclaims.

An action may be dismissed for want of prosecution pursuant to either CPLR 3216 or 3404. The procedural mechanism for dismissal for want of prosecution depends on whether a note of issue has been filed (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2001]). CPLR 3404 does not apply to pre-note of issue actions and cannot provide a basis for dismissal of such actions (*see Sellitto v Women's Health Care Specialists*, 58 AD3d 828 [2009]; *Dokaj v Ruxton Tower Ltd. Partnership*, 55 AD3d 661 [2008]; *Suburban Restoration Co., Inc. v Viglotti*, 54 AD3d

750 [2008]; *Lopez v Imperial Delivery Serv.,* 282 AD2d at 199). In actions such as this, where a note of issue has not been filed, CPLR 3216 provides the procedural mechanism for dismissal for want of prosecution (*see Baczkowski v Collins Constr. Co.,* 89 NY2d 499 [1997]; *Sellitto v Women's Health Care Specialists,* 58 AD3d 828 [2009]; *Suburban Restoration Co., Inc. v Viglotti,* 54 AD3d at 751; *Delgado v New York City Hous. Auth.,* 21 AD3d 522 [2005]), provided certain statutory prerequisites are met (*see* CPLR 3216; *Baczkowski v Collins Constr. Co.,* 89 NY2d 499 [1997]; *Sellitto v Women's Health Care Specialists,* 58 AD3d 828 [2009]; *Suburban Restoration Co., Inc. v Viglotti,* 54 AD3d at 751; *Delgado v New York City Hous. Auth.,* 21 AD3d at 523). Here, the defendant established that the clerk erred by marking the case disposed. In opposition, the plaintiffs failed to establish that they timely served a 90-day notice demanding that the defendant resume prosecution of the counterclaims or risk their dismissal (*see* CPLR 3216 [b]). Absent proof of compliance with CPLR 3216 (b), it was error to deny the defendant's motion to restore the counterclaims to the calendar (*see Baczkowski v Collins Constr. Co.,* 89 NY2d at 503; *Delgado v New York City Hous. Auth.,* 21 AD3d 522 [2005]).

As noted above, the Supreme Court denied the defendant's motion, in effect, directed the dismissal of the defendant's counterclaims, and did not determine the merits of those branches of the defendant's motion which were for summary judgment on the first and fourth counterclaims. Under the circumstances, and in the interest of judicial economy, we determine the merits of those branches of the defendant's motion (*see Mobil Oil Corp. v Christian Oil & Gas Distribs.,* 95 AD2d 772, 773 [1983]; *Osserman v Osserman,* 92 AD2d 932, 933 [1983]).

The defendant established his prima facie entitlement to judgment as a matter of law on his first counterclaim alleging breach of contract by submitting copies of the SSA and the guaranties, and proof of the plaintiffs' failure to make the payments required by their terms (*see Verela v Citrus Lake Dev., Inc.,* 53 AD3d 574 [2008]; *Northport Car Wash, Inc. v Northport Car Care, LLC,* 52 AD3d 794 [2008]; *E.D.S. Sec. Sys. v Allyn,* 262 AD2d 351 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact with respect to a bona fide defense (*see Verela v Citrus Lake Dev., Inc.,* 53 AD3d 574 [2008]; *Northport Car Wash, Inc. v Northport Car Care, LLC,* 52 AD3d 794 [2008]; *Korea Exch. Bank v A.A. Trading Co.,* 8 AD3d 344, 345 [2004]; *Kowalski Enters. v Sem Intl.,* 250 AD2d 648 [1998]. Accordingly, that branch of the defendant's motion which was for summary judgment on his first counterclaim should have been granted.

With respect to defendant's fourth counterclaim seeking specific performance, the defendant could not make a prima facie showing of entitlement to judgment as a matter of law since "money damages 'would be adequate to protect the expectation interest of the injured'" (*Sokoloff v Harriman Estates Dev. Corp.*, 96 NY2d 409, 415 [2001], quoting Restatement [Second] of Contracts § 359 [1]). Since, as a matter of law, the defendant cannot recover under the fourth counterclaim, we search the record and award summary judgment to the plaintiffs dismissing that counterclaim. Mastro, J.P., Skelos, Dickerson and Lott, JJ., concur.