■ MASPETH FEDERAL SAVINGS AND LOAN ASSOCIATION, Plaintiff, v PAMELA A. SIMON-ERDAN, Also Known as PAMELA SIMON, et al., Defendants. DAVID SCHREIBER, Nonparty Appellant. [888 NYS2d 599]—

In an action to foreclose a mortgage, David Schreiber, as the assignee of the mortgage, appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated November 21, 2008, which denied his unopposed motion to restore the action to the pre-note of issue calendar and amend the caption and pleadings to substitute himself as the plaintiff in place of Maspeth Federal Savings and Loan Association, and dismissed the action for failure to prosecute.

Ordered that the order is reversed, on the law, without costs or disbursements, and the motion of the nonparty appellant David Schreiber, as the assignee of the mortgage, to restore the action to the pre-note of issue calendar and amend the caption and pleadings to substitute himself as the plaintiff in place of Maspeth Federal Savings and Loan Association is granted.

Since the preconditions set forth in CPLR 3216 were not met, the Supreme Court was without power to dismiss the action on the ground of a general lack of prosecution (*see Chase v Scavuzzo,* 87 NY2d 228, 233 [1995]; *Ovchinnikov v Joyce Owners Corp.,* 43 AD3d 1124 [2007]; *Kesar v Green Ridge Enters. Corp.,* 30 AD3d 471 [2006]; *Dominique v Flushing Hosp. Med. Ctr.,* 22 AD3d 789 [2005]; *O'Connell v City Wide Auto Leasing,* 6 AD3d 682 [2004]). Moreover, since the action was still in the pre-note of issue stage, the rules governing CPLR 3404 were inapplicable (*see Sellitto v Women's Health Care Specialists,* 58 AD3d 828 [2009]; *Suburban Restoration Co., Inc. v Viglotti,* 54 AD3d 750 [2008]).

"Leave to amend a pleading should be freely given (*see* CPLR 3025 [b]), provided the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Ruby Land Dev. v Toussie,* 4 AD3d 518, 519 [2004]). Here, the Supreme Court improvidently exercised its discretion in denying the motion of David Schreiber to amend the caption and pleadings to substitute himself as the plaintiff in the action. The plaintiff had assigned its interest in the mortgage to Schreiber after this action had been commenced, and the defendants did not oppose his motion (*see East Coast Props. v Galang,* 308 AD2d 431 [2003]). Mastro, J.P., Dillon, Dickerson, Belen and Lott, JJ., concur.