■ PAMELA DARTY, Appellant, v HEMPSTEAD VILLAGE HOUSING ASSOCIATES et al., Respondents. [944 NYS2d 633]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Feinman, J.), dated April 13, 2011, which granted the defendants' motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute, (2) an order of the same court dated April 15, 2011, which, in effect, denied, as academic, the defendants' motion to strike the plaintiff's note of issue, and (3) a judgment of the same court entered June 29, 2011, which, upon the order dated April 13, 2011, dismissed the complaint. The notice of appeal from the order dated April 13, 2011, is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order dated April 13, 2011, is dismissed; and it is further,

Ordered that the appeal from the order dated April 15, 2011, in effect, denying, as academic, the defendants' motion to vacate the plaintiff's note of issue, is dismissed, as the plaintiff is not aggrieved by that order; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute is denied, the complaint is reinstated, and the order dated April 13, 2011, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order dated April 13, 2011, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In or around April 2007, the plaintiff allegedly was injured when she fell out of a second-story window at premises owned or managed by the defendants. The plaintiff commenced this action in June 2009 to recover damages for personal injuries. Issue was joined in late September 2009. After the Supreme Court granted the motion of the plaintiff's attorneys to be relieved in November 2009, the plaintiff proceeded to represent herself. Although the plaintiff failed to comply with the defendants' discovery demands and notices, as well as with a preliminary conference order dated April 21, 2010, she complied with an order dated November 17, 2010, certifying the matter for trial, directing her to file a note of issue within 90 days, and warning that, if the note of issue was not filed within 90 days, the action would be dismissed pursuant to CPLR 3216. The plaintiff filed the note of issue on February 4, 2011, well within the 90-day period. Nonetheless, the defendants moved pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute. The Supreme Court, inter alia, granted the motion and dismissed the complaint.

CPLR 3216 is an extremely forgiving statute, as it does not require, but merely authorizes, the Supreme Court to dismiss a plaintiff's action based on the unreasonable neglect to proceed (*see Atterberry v Serlin & Serlin*, 85 AD3d 949 [2011]; *Lauri v Freeport Union Free School Dist.*, 78 AD3d 1130 [2010]; *Tolmasova v Umarova*, 22 AD3d 570 [2005]). Here, the order dated November 17, 2010, served as the requisite 90-day notice pursuant to CPLR 3216 (*see M.V.B. Collision, Inc. v Berman*, 86 AD3d 534 [2011]; *Rodriguez v Five Towns Nissan*, 69 AD3d 833, 834 [2010]; *Vinikour v Jamaica Hosp.*, 2 AD3d 518, 519 [2003]). Since the plaintiff complied with the order and filed a note of issue within 90 days, "the same shall be deemed sufficient compliance with such demand and diligent prosecution of the action" (CPLR 3216 [c]). Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3216 to dismiss the complaint for failure to prosecute.

The defendants' remaining contentions either are without merit, are raised for the first time on appeal, or have been rendered academic by our determination. Dillon, J.P., Eng, Belen and Sgroi, JJ., concur.