Contrary to the respondents’ contention, under the particular facts of this case, the Supreme Court’s order dated April 9, 2008, was effective to return the action to pre-note of issue *675 status (see Dokaj v Ruxton Tower Ltd. Partnership, 55 AD3d 661, 661-662 [2008]). Since CPLR 3404 was inapplicable to this pre-note of issue action, it did not provide a basis for dismissal of the action (see Lane v New York City Hous. Auth., 62 AD3d 961, 961 [2009]; Sellitto v Women’s Health Care Specialists, 58 AD3d 828, 828-829 [2009]; Dokaj v Ruxton Tower Ltd. Partnership, 55 AD3d 661, 661-662 [2008]; Suburban Restoration Co., Inc. v Viglotti, 54 AD3d 750, 750-751 [2008]; Galati v C. Raimondo & Sons Constr. Co., Inc., 35 AD3d 805, 806 [2006]; Travis v Cuff, 28 AD3d 749, 750 [2006]; see also Islam v Katz Realty Co., 296 AD2d 566, 568 [2002]). The respondents were required to comply with CPLR 3216 in order to obtain a dismissal of the action based on the plaintiffs’ alleged failure to prosecute this case (see Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 19 [2013]; Lopez v Imperial Delivery Serv., 282 AD2d 190, 194 [2001]).
The parties’ remaining contentions either are without merit or have been rendered academic in light of our determination.
Accordingly, the Supreme Court should have denied those branches of the respondents’ separate cross motions which were to dismiss the action pursuant to CPLR 3404 insofar as asserted against each of them.
Since the Supreme Court did not consider the merits of that branch of the plaintiffs’ motion which was to compel the defendants Diana Sull, “Jane” Sull, City of New York, New York City Department of Education, Richard Dodici, and “Jane” Abraham to appear for depositions and complete all outstanding discovery, the matter must be remitted to the Supreme Court, Queens County, for a determination on the merits of that branch of the plaintiffs’ motion. Mastro, J.P., Roman, Miller and Hinds-Radix, JJ., concur.