■ JANET DIEMER et al., Appellants, v EBEN EZER MEDICAL ASSOCIATES et al., Defendants, and SELECT PHYSICIANS, P.C., et al., Respondents. [990 NYS2d 875]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), dated October 25, 2012, which granted the motion of the defendants Select Physicians, P.C., and Daniel Reinharth pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them for failure to prosecute.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Select Physicians, P.C., and Daniel Reinharth pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them is denied.

CPLR 3216 permits a court to dismiss an action for want of prosecution only after the court or the defendant has served the plaintiff with a written demand requiring the plaintiff to resume prosecution of the action and to serve and file a note of issue

within 90 days after receipt of the demand, and also stating that the failure to comply with the demand will serve as a basis for a motion to dismiss the action. As CPLR 3216 is a legislative creation and not part of a court's inherent power, a court may not dismiss an action for want of prosecution where the plaintiff was not served with the requisite 90-day demand pursuant to CPLR 3216 (b) (*see Chase v Scavuzzo*, 87 NY2d 228, 233 [1995]; *Airmont Homes v Town of Ramapo*, 69 NY2d 901, 902 [1987]; *Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17, 20 [2013]).

Here, the defendants Select Physicians, P.C., and Daniel Reinharth (hereinafter together the defendants) failed to serve a 90-day demand pursuant to CPLR 3216 after the last note of issue was vacated on September 8, 2011, and the action reverted to its pre-note of issue status (*see Montalvo v Mumpus Restorations, Inc.*, 110 AD3d 1045, 1046 [2013]; *Dokaj v Ruxton Tower Ltd. Partnership*, 55 AD3d 661, 661-662 [2008]; *Andre v Bonetto Realty Corp.*, 32 AD3d 973, 974-975 [2006]; *Travis v Cuff*, 28 AD3d 749, 750 [2006]). Contrary to the defendants' contention, the certification orders issued by the Supreme Court, directing the plaintiffs to file a note of issue within 90 days, failed to satisfy CPLR 3216, as each of these orders predated vacatur of the note of issue on September 8, 2011. Further, the plaintiffs complied with each of these certification orders when they served and filed a note of issue within the respective 90-day periods (*see* CPLR 3216 [c]; *Darty v Hempstead Vil. Hous. Assoc.*, 95 AD3d 1161, 1162 [2012]). Accordingly, the defendants' motion pursuant to CPLR 3216 to dismiss the complaint insofar as asserted against them should have been denied (*see Montalvo v Mumpus Restorations, Inc.*, 110 AD3d at 1046; *Sellitto v Women's Health Care Specialists*, 58 AD3d 828, 829 [2009]; *Travis v Cuff*, 28 AD3d at 750). Mastro, J.P., Balkin, Cohen and Miller, JJ., concur.