RJBC of NY, Inc. v Ruzic (2019 NY Slip Op 06811)





RJBC of NY, Inc. v Ruzic


2019 NY Slip Op 06811


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-12226
 (Index No. 23714/11)

[*1]RJBC of NY, Inc., appellant, 
v
Remiggio Ruzic, et al., respondents.


Mallilo & Grossman, Flushing, NY (Francesco J. Pomara, Jr., and Lorenzo Tasso of counsel), for appellant.
Peter E. Tommaso, Kew Gardens, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered July 31, 2018. The order denied the plaintiff's motion for leave to renew its prior motion to reinstate the note of issue and to restore the action to the trial calendar, which had been denied in an order of the same court entered September 6, 2017.
ORDERED that the order entered July 31, 2018, is affirmed, with costs.
In 2011, the plaintiff, a home improvement contractor, commenced this action against the defendant homeowners, inter alia, to recover damages for breach of contract. Thereafter, the defendants interposed an answer, and the parties engaged in discovery. In 2013, the plaintiff filed a note of issue, and the action was placed on the trial calendar. After several adjournments, on July 16, 2014, the note of issue was vacated because discovery was still outstanding, and the case was removed from the trial calendar.
In May 2017, the plaintiff moved to reinstate the note of issue and to restore the action to the trial calendar. In an order entered September 6, 2017, the Supreme Court denied the motion. Subsequently, the plaintiff moved for leave to renew its prior motion to reinstate the note of issue and to restore the action to the trial calendar. In an order entered July 31, 2018, the court denied the plaintiff's motion for leave to renew. The plaintiff appeals.
Pursuant to CPLR 2221(e)(2) and (3), a motion for leave to renew, inter alia, "shall be based upon new facts not offered on the prior motion that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion." "While it is true that a motion for leave to renew is intended to direct the court's attention to new or additional facts which, although in existence at the time the original motion was made, were unknown to the movant and were, therefore, not brought to the court's attention, the rule is not inflexible and the court, in its discretion, may grant renewal, in the interest of justice, upon facts known to the movant at the time of the original motion" (Rancho Santa Fe Assn. v Dolan-King, 36 AD3d 460, 461 [citation omitted]; see Rakha v Pinnacle Bus Servs., 98 AD3d 657, 658).
Here, the plaintiff correctly contends that the Supreme Court, in denying the original motion, erred by applying the standard applicable to a motion seeking to restore a case to the trial calendar that has been dismissed as abandoned pursuant to CPLR 3404. The plaintiff's original motion, inter alia, was to reinstate the note of issue, which was vacated pursuant to 22 NYCRR 202.21(e) because the case was not ready for trial (see 22 NYCRR 202.21[f]; Travis v Cuff, 28 AD3d 749, 750; Dalto v 3660 Park Wantagh Owners, 275 AD2d 296, 297). Nevertheless, in support of its motion for leave to renew, the plaintiff failed to satisfy all of the requirements necessary for the reinstatement of the note of issue pursuant to 22 NYCRR 202.21(f) (cf. Suburban Restoration Co., Inc. v Viglotti, 54 AD3d 750, 751). Under these circumstances, we agree with the court's determination to deny the plaintiff's motion for leave to renew (cf. Rakha v Pinnacle Bus Servs., 98 AD3d at 658).
RIVERA, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court