■ THOMAS BURDICK, Respondent, v JAMES MARCUS, Appellant. [792 NYS2d 356]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated August 13, 2004, as granted the plaintiff's motion to "restore" the action to the calendar and denied that branch of his cross motion which was to dismiss the action.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted the plaintiff's motion to "restore" this action to the calendar after it had been marked inactive due to the plaintiff's failure to appear at a compliance conference. CPLR 3404 does not apply to this pre-note of issue action (see *Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2001]), there was no 90-day notice pursuant to CPLR 3216, and there was no order dismissing the complaint pursuant to 22 NYCRR 202.27. Accordingly, the motion was properly granted and that branch of the cross motion which was to dismiss the

action was properly denied (*see 123X Corp. v McKenzie,* 7 AD3d 769 [2004]; *Lucious v Rutland Nursing Home of Kingsbrook Jewish Med. Ctr.,* 2 AD3d 412 [2003]; *Gendus v Sheraton/ Atlantic City W.,* 302 AD2d 427 [2003]; *Torres v Nu-Way Mach. Corp. Co.,* 296 AD2d 545 [2002]). H. Miller, J.P., S. Miller, Goldstein, Mastro and Lifson, JJ., concur.