■ JOAN ANDRE et al., Appellants, v BONETTO REALTY CORP. et al., Respondents. [822 NYS2d 292]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated February 8, 2005, which denied their motion, inter alia, to restore the case to active status and granted the defendants' cross motion pursuant to CPLR 3404 to dismiss the complaint, and (2) from an order of the same court dated August 4, 2005, which denied their motion for leave to reargue.

Ordered that the appeal from the order dated August 4, 2005 is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated February 8, 2005 is reversed, on the law, with costs, the motion is granted, and the cross motion is denied.

After the plaintiffs filed a note of issue on November 30, 2000 the defendants moved in February or March of 2001 to strike it because discovery was incomplete. On the return date of that motion, the plaintiffs voluntarily withdrew the note of issue to permit completion of discovery and the motion to strike the note of issue was "marked off" the motion calendar. Thereafter, the case was listed in the court computer as "inactive pre-note." The defendants have never disputed that the note of issue was withdrawn, and contrary to the defendants' argument, the case was not "marked off" the trial calendar (cf. *Escobar v Deepdale Gen. Hosp.*, 172 AD2d 486 [1991]). The parties thereafter engaged in discovery, but the deposition of the plaintiff Marie Andre was not completed and the plaintiffs were unsuccessful in getting the defendants to agree to a completion date. Consequently, the plaintiffs moved, inter alia, to restore the matter to active status. The defendants cross-moved pursuant to CPLR 3404 to dismiss the complaint on the ground that the case had been marked off the trial calendar three years before. The Supreme Court denied the motion and granted the cross motion.

CPLR 3404 is inapplicable to pre-note of issue cases (*see Behren v Warren, Gorham & Lamont*, 301 AD2d 381, 382 [2003]; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 198-199 [2001]). When a plaintiff withdraws the note of issue or when the note of issue has been vacated, the case reverts to its status as a pre-

note case (*see Carte v Segall,* 134 AD2d 396, 397 [1987]). This is not the equivalent of marking a post-note case off the trial calendar (*see Reitman v St. Francis Hosp.,* 2 AD3d 429, 430 [2003]). In the absence of a 90-day notice pursuant to CPLR 3216, restoring a case marked "inactive" is automatic (*see Klevanskaya v Khanimova,* 21 AD3d 350 [2005]; *Bar-El v Key Food Stores Co., Inc.,* 11 AD3d 420 [2004]; *123X Corp. v McKenzie,* 7 AD3d 769, 769-770 [2004]; *Lucious v Rutland Nursing Home of Kingsbrook Jewish Med. Ctr.,* 2 AD3d 412 [2003]). Thus, a motion to restore to active status in such circumstance should be granted (*see Badillo v Sheepshead Rest. Assoc.,* 296 AD2d 514, 515 [2002]; *Jiles v New York City Tr. Auth.,* 290 AD2d 307 [2002]).

Since CPLR 3404 does not apply to an action in the pre-note stage (*see Lopez v Imperial Delivery Serv., supra; see also Sylvester v New Water St. Corp.,* 16 AD3d 486, 487 [2005]) the Supreme Court erred in applying the four-prong test for restoring matters to the trial calendar following their automatic dismissal pursuant to CPLR 3404 (*see Basetti v Nour,* 287 AD2d 126, 131 [2001]). The remedy for a defendant in a case such as this, pending in a pre-note status, is to serve a 90-day demand pursuant to CPLR 3216 (*see Khaolaead v Leisure Video,* 18 AD3d 820, 821 [2005]; *Burdick v Marcus,* 17 AD3d 388 [2005]). Thus, there was no basis for the denial of the motion to restore the case to active status and, certainly, no ground for dismissing the action (*see Hemberger v Jamaica Hosp.,* 306 AD2d 244 [2003]). Schmidt, J.P., Crane, Krausman, Skelos and Lunn, JJ., concur.