■ PASQUALE GALATI, Appellant, v C. RAIMONDO & SONS CONSTRUCTION COMPANY, INC., et al., Respondents. (And a Third-Party Action.) [828 NYS2d 136]—

In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from an order of the Supreme Court, Queens County (Kitzes, J.), dated October 27, 2005, as granted the motion of the defendants Circuit City Stores, Inc., and Green Acres Mall, LLC, to dismiss the complaint pursuant to CPLR 3404, and (2) an order of the same court dated March 6, 2006 which denied his motion for leave to reargue and renew the prior motion.

Ordered that the order dated October 27, 2005 is reversed

insofar as appealed from, on the law, and the motion to dismiss the complaint is denied, and it is further,

Ordered that the appeal from the order dated March 6, 2006 is dismissed, as no appeal lies from so much of an order as denies reargument, and in any event, the appeal from the entire order has been rendered academic in light of our determination on the appeal from the order dated October 27, 2005; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

By order dated February 18, 2004 the Supreme Court granted the motion of the defendants Circuit City Stores, Inc., and Green Acres Mall, LLC (hereinafter the defendants), to vacate the note of issue and to strike the action from the trial calendar upon a finding that discovery was not complete. By notice of motion dated May 11, 2005 the defendants moved to dismiss the complaint pursuant to CPLR 3404. The Supreme Court granted the motion.

The court's order vacating the note of issue and striking the action from the trial calendar pending the completion of discovery was not equivalent to an order marking "off" or striking the case from the trial calendar pursuant to CPLR 3404. Rather, it placed the action back into pre-note of issue status (*see Travis v Cuff*, 28 AD3d 749, 750 [2006]; *Islam v Katz Realty Co.*, 296 AD2d 566, 568 [2002]; *Basetti v Nour*, 287 AD2d 126, 132 [2001]). Since CPLR 3404 is inapplicable to pre-note of issue cases, that statute did not provide a basis for the court to dismiss the action (*Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 198 [2001]). Further, an action in pre-note of issue status may be dismissed for want of prosecution by resort to the statutory preconditions pursuant to CPLR 3216 (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499, 503 [1997]; *Delgado v New York City Hous. Auth.*, 21 AD3d 522 [2005]), and here, those preconditions were not met. Accordingly, the defendants' motion to dismiss the complaint should have been denied. Schmidt, J.P., Crane, Rivera, Skelos and Lunn, JJ., concur.