■ PETER J. GORSKI et al., Appellants, v ST. JOHN'S EPISCOPAL HOSPITAL et al., Respondents. [830 NYS2d 196]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (LeVine, J.), dated December 6, 2005, which denied their motion to restore the action to the trial calendar.

Ordered that the order is reversed, on the law, with costs, and the motion to restore the action to the trial calendar is granted.

By so-ordered stipulation dated June 5, 2002 the parties agreed to strike the note of issue and to restore the action to pre-note-of-issue status. Based on that so-ordered stipulation, the Supreme Court marked this action "stricken" on July 14, 2003. Since this action was in pre-note-of-issue status, the court's action on July 14, 2003 did not constitute a "marking off" pursuant to CPLR 3404 (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 196-197 [2001]; *see also Andre v Bonetto Realty Corp.*, 32 AD3d 973 [2006]; *Reitman v St. Francis Hosp.*, 2 AD3d 429 [2003]). Moreover, in the absence of a 90-day demand pursuant to CPLR 3216, restoration of this action is automatic (*see Andre v Bonetto Realty Corp., supra; Klevanskaya v Khanimova*, 21 AD3d 350 [2005]). Accordingly, the court should have granted the plaintiffs' motion. Ritter, J.P., Goldstein, Florio and Covello, JJ., concur.