■ JAIWATTIE LANE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [879 NYS2d 580]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated January 7, 2008, which denied her motion to restore the action to active status, and to restore the action to the trial calendar by serving and filing a new note of issue.

Ordered that the order is reversed, on the law, with costs, that branch of the plaintiff's motion which was to restore the action to active status is granted, and that branch of the plaintiff's motion which was for leave to restore the action to the trial calendar by serving and filing a new note of issue is denied as unnecessary.

The Supreme Court struck the plaintiff's note of issue on April 4, 2006, and directed further discovery. An order striking a note of issue pending the completion of discovery is not the equivalent of an order marking the action "off" the calendar pursuant to CPLR 3404 (*see Galati v C. Raimondo & Sons Constr. Co., Inc.,* 35 AD3d 805 [2006]; *Travis v Cuff,* 28 AD3d 749 [2006]). Thus, the requirements for restoring an action to the calendar under CPLR 3404 are inapplicable (*see Andre v Bonetto Realty Corp.,* 32 AD3d 973 [2006]).

This action should never have been stricken from active status, since the parties were completing discovery. Therefore, that branch of the plaintiff's motion which was to restore the action to active status should have been granted.

Since the plaintiff's prior note of issue was stricken, the action will be restored to the trial calendar once the plaintiff files a new note of issue, which does not require the prior permission of the court. Mastro, J.P., Fisher, Miller, Dickerson and Chambers, JJ., concur.