■ PAUL PUCAR et al., Appellants, v L.H. CHARNEY ASSOCIATES, LLC, et al., Respondents. [912 NYS2d 907]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), entered October 23, 2009, which denied their motion, in effect, to restore the action to active status or for leave to file a new note of issue.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was, in effect, to restore the action to active status and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the plaintiffs, payable by the defendants appearing separately and filing separate briefs.

The note of issue was vacated on January 12, 2007, and the parties engaged in further discovery. On March 16, 2009, the plaintiffs moved, inter alia, in effect, to restore the action to active status. The Supreme Court denied the motion on the ground that the plaintiffs failed to satisfy the requirements for restoring a case to active status when the case has been marked off the calendar pursuant to CPLR 3404. The plaintiffs appeal, and we modify.

When the note of issue has been vacated, the case reverts to its pre-note of issue status, and CPLR 3404 is not applicable (*see Lane v New York City Hous. Auth.*, 62 AD3d 961 [2009]; *Andre v Bonetto Realty Corp.*, 32 AD3d 973, 974-975 [2006]; *Reitman v St. Francis Hosp.*, 2 AD3d 429, 430 [2003]; *Carte v Segall*, 134 AD2d 396, 397 [1987]). Accordingly, that branch of the plaintiffs' motion which was, in effect, to restore the action to active status should have been granted (*see Lane v New York City Hous. Auth.*, 62 AD3d at 962; *Hemberger v Jamaica Hosp.*, 306 AD2d 244 [2003]; *Badillo v Sheepshead Rest. Assoc.*, 296 AD2d 514, 515 [2002]). Dillon, J.P., Balkin, Chambers and Sgroi, JJ., concur.