◼ GLORIA NAVARRO RODRIGUEZ, Appellant, v BIG BEN ASSOCIATES I, Defendant, and CITY OF NEW YORK, Defendant/Third-Party Plaintiff-Respondent. REFUGE CHURCH OF CHRIST, Third-Party Defendant-Respondent. [944 NYS2d 311]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) so much of an order of the Supreme Court, Queens County (Kerrigan, J.), dated March 1, 2011, as denied her motion for leave to file a new note of issue and restore the action to the trial calendar, and (2) an order of the same court dated June 21, 2011, which denied her motion for leave to reargue, and granted those branches of the separate cross motions of the defendant third-party plaintiff, City of New York, and the third-party defendant, Refuge Church of Christ, which were to strike or dismiss the complaint pursuant to CPLR 3126.

Ordered that the order dated March 1, 2011, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated June 21, 2011, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated June 21, 2011, is reversed insofar as reviewed, on the facts and in the exercise of discretion, without costs or disbursements, and those branches of the separate cross motions of the defendant third-party plaintiff, City of New York, and the third-party defendant, Refuge Church of Christ, which were to strike or dismiss the complaint pursuant to CPLR 3126 are denied.

On September 24, 2007, the attorneys for the plaintiff, the defendant third-party plaintiff, City of New York, and the third-party defendant, Refuge Church of Christ (hereinafter the Church), entered into a stipulation in which they agreed that the plaintiff's note of issue would be stricken to allow the Church to conduct specified discovery. Since the note of issue was thereupon stricken pending completion of discovery, the case reverted to pre-note of issue status, in which restoration would ordinarily be automatic in the absence of a 90-day demand pursuant to CPLR 3216 (*see Tejeda v Dyal*, 83 AD3d 539, 540 [2011]; *Lane v New York City Hous. Auth.*, 62 AD3d 961 [2009]; *Dokaj v Ruxton Tower Ltd. Partnership*, 55 AD3d 661, 662 [2008]; *Gorski v St. John's Episcopal Hosp.*, 36 AD3d 757 [2007]; *Galati v C. Raimondo & Sons Constr. Co., Inc.*, 35 AD3d 805, 806 [2006]; *Andre v Bonetto Realty Corp.*, 32 AD3d 973, 974 [2006]). The stipulation, however, provided that the action would be restored only after all the specified discovery was provided, and the exhibits submitted in support of the plaintiff's motion indicate that some discovery may remain outstanding. Under these circumstances, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to file a new note of issue and restore the action to the trial calendar at this juncture (*see Botsas v Grossman*, 7 AD3d 654, 655 [2004]; *D'Ecclesiis v Manna*, 289 AD2d 522, 523 [2001]).

However, the Supreme Court should have denied those branches of the separate cross motions of the City and the Church which were to strike or dismiss the complaint pursuant to CPLR 3126. The drastic remedy of striking or dismissal of the complaint pursuant to CPLR 3126 is inappropriate in this case because neither the City nor the Church made a clear showing that the plaintiff has engaged in a willful and contumacious pattern of noncompliance with disclosure requests or court-

ordered discovery (*see Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 923 [2012]; *Docteur v Interfaith Med. Ctr.*, 90 AD3d 814, 815 [2011]; *Delarosa v Besser Co.*, 86 AD3d 588, 589 [2011]; *Polsky v Tuckman*, 85 AD3d 750, 751 [2011]; *Mironer v City of New York*, 79 AD3d 1106, 1108 [2010]). Skelos, J.P., Dickerson, Eng and Austin, JJ., concur.