In an action to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated March 28, 2012, as granted the plaintiffs motion to restore the action to active status and denied its cross motion, in effect, to dismiss the complaint with prejudice pursuant to CPLR 3404 and the doctrine of laches.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff was working at a residential building when he allegedly was struck by a bucket of roofing adhesive that fell from the building’s roof. Prior to the plaintiff’s accident, the building owner had employed the defendant, a roofing contractor, to repair the roof. The plaintiff commenced this action to recover damages based upon, among other things, a violation of Labor Law § 200 and common-law negligence. The defendant moved for summary judgment dismissing the complaint. On September 11, 2008, while the motion was pending, the Supreme Court vacated the note of issue pursuant to a “so-ordered” stipulation between the parties. In an order entered December 12, 2008, the Supreme Court denied, in part, the defendant’s motion for summary judgment, and the defendant appealed from that portion of the order. In March 2011, after this Court affirmed that order insofar as appealed from (see Montalvo v Mumpus Restorations, Inc., IQ AD3d 516 [2010]), the plaintiff sought to file another note of issue, but it was rejected on the basis of an “e-courts” notation that the action was “disposed” of on September 11, 2008, the date the first note of issue was vacated pursuant to the so-ordered stipulation. The plaintiff moved to restore the action to active status, and the defendant cross-moved, in effect, to dismiss the complaint with prejudice pursuant to CPLR 3404 and the doc *1046 trine of laches. The Supreme Court granted the plaintiffs motion and denied the defendant’s cross motion.
CPLR 3404 states, in relevant part: “[a] case . . . marked ‘off or struck from the calendar or unanswered on a clerk’s calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order.”
The vacatur of a note of issue, as was done in this case on September 11, 2008, returns the case to pre-note of issue status. It does not constitute a marking “off’ or striking the case from the court’s calendar within the meaning of CPLR 3404 (see Rodriguez v Big Ben Assoc. I, 95 AD3d 1098, 1099 [2012]; Pucar v L.H. Charney Assoc., LLC, 79 AD3d 996, 997 [2010]; Lane v New York City Hous. Auth., 62 AD3d 961, 961 [2009]; Dokaj v Ruxton Tower Ltd. Partnership, 55 AD3d 661, 661-662 [2008]). Thus, contrary to the defendant’s contention, the one-year period under CPLR 3404 for automatic dismissal did not start to run on September 11, 2008, when the note of issue was vacated, and the case was not properly dismissed on that date under CPLR 3404. Accordingly, the plaintiff was not required to establish his entitlement to restoration of the action under that statute (see Sierra R. v Jamaica Hosp. Med. Ctr., 101 AD3d 701, 702 [2012]; Bornstein v Clearview Props., Inc., 68 AD3d 1033, 1034 [2009]).
The defendant also contends that the case should have been dismissed under the doctrine of laches. This contention also is without merit. As this Court reaffirmed recently, “the doctrine of laches does not provide [a] basis to dismiss a complaint where there has been no service of a 90-day demand pursuant to CPLR 3216 (b), and where the case management devices of CPLR 3404 and 22 NYCRR 202.27 are inapplicable” (Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 20 [2d Dept 2013]; see Airmont Homes v Town of Ramapo, 69 NY2d 901, 902 [1987]). Without a 90-day demand, restoration of the case to the trial calendar would be automatic with the filing of a new note of issue (see Rodriguez v Big Ben Assoc. I, 95 AD3d at 1099). Here, the defendant never served a 90-day notice under CPLR 3216. Accordingly, laches does not apply.
The defendant’s remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiffs motion to restore the action to active status, and properly denied the defendant’s cross motion, in effect, to dismiss the complaint with prejudice. Eng, P.J., Balkin, Lott and Roman, JJ., concur.