■ DEBORAH GOODMAN, Appellant, v ANDREAS LEMPA, Respondent. [997 NYS2d 912]—

In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), dated January 6, 2014, which denied her motion to restore the action to the calendar.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion to restore the action to the calendar is granted.

It is undisputed that when this action was "marked off" the calendar at a status conference in July 2013, the note of issue had not yet been filed. CPLR 3404 does not apply to this prenote of issue case (*see Dokaj v Ruxton Tower Ltd. Partnership*, 55 AD3d 661 [2008]; *Suburban Restoration Co., Inc. v Viglotti*, 54 AD3d 750, 751 [2008]; *Andre v Bonetto Realty Corp.*, 32 AD3d 973, 974-975 [2006]). Furthermore, there was no 90-day notice pursuant to CPLR 3216, nor was there any motion pursuant to CPLR 3126 to dismiss the action based upon the plaintiff's failure to comply with discovery (*see Countrywide Home Loans, Inc. v Gibson*, 111 AD3d 875, 876 [2013]; *Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17, 19 [2013]; *Mitskevitch v City of New York*, 78 AD3d 1137, 1138 [2010]). Accordingly, the plaintiff's motion to restore the action to the calendar should have been granted.

The plaintiff's remaining contention, raised for the first time on appeal, is not properly before this Court. Skelos, J.P., Leventhal, Hinds-Radix, Duffy and LaSalle, JJ., concur.