■ DANIEL MELENDEZ et al., Appellants, v PLATO GENERAL CONTRACTOR, Defendant, and INNOVATIVE ELECTRICAL SOLUTIONS CORPORATION et al., Respondents. [9 NYS3d 581]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Rosengarten, J), entered January 6, 2014,

which, upon an order of the same court entered September 16, 2013, granting the separate motions of the defendant Innovative Electrical Solutions Corporation and the defendant Hugh Maher General Contractors to dismiss the complaint as abandoned pursuant to CPLR 3404, or based on the doctrine of laches, and denying, as academic, the plaintiffs' cross motion to restore the case to active status, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs payable by the respondents, the order is vacated, the separate motions of the defendant Innovative Electrical Solutions Corporation and the defendant Hugh Maher General Contractors to dismiss the complaint as abandoned pursuant to CPLR 3404, or based on the doctrine of laches are denied, and the plaintiffs' cross motion to restore the case to active status is granted.

It is undisputed that the last note of issue was vacated by an order dated May 10, 2007, and the respondents failed to serve any further 90-day demand upon the plaintiffs pursuant to CPLR 3216. When the note of issue was vacated, the case reverted to its pre-note of issue status, and CPLR 3404 did not apply to this case (*see Goodman v Lempa*, 124 AD3d 581 [2015]; *Diemer v Eben Ezer Med. Assoc.*, 120 AD3d 614 [2014]; *Pucar v L.H. Charney Assoc., LLC*, 79 AD3d 996, 997 [2010]). Accordingly, those branches of the respondents' separate motions which were to dismiss the complaint pursuant to CPLR 3404 should have been denied.

Furthermore, those branches of the respondents' separate motions which were to dismiss the complaint based on the doctrine of laches should have been denied. "[T]he doctrine of laches does not provide [a] basis to dismiss a complaint where there has been no service of a 90-day demand pursuant to CPLR 3216 (b), and where the case management devices of CPLR 3404 and 22 NYCRR 202.27 are inapplicable" (*Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17, 20 [2013]; *see Chase v Scavuzzo*, 87 NY2d 228, 233 [1995]; *Airmont Homes v Town of Ramapo*, 69 NY2d 901 [1987]; *Montalvo v Mumpus Restorations, Inc.*, 110 AD3d 1045, 1046 [2013]; *Baxter v Javier*, 109 AD3d 493, 494 [2013]).

Since there was no ground for granting the respondents' separate motions to dismiss the complaint, the plaintiffs' cross motion to restore the case to active status should have been granted (*see Pucar v L.H. Charney Assoc., LLC*, 79 AD3d at 997; *Lane v New York City Hous. Auth.*, 62 AD3d 961 [2009]; *Andre v Bonetto Realty Corp.*, 32 AD3d 973, 974-975 [2006]).

The remaining contention of the respondent Hugh Maher General Contractors is not properly before this Court. Balkin, J.P., Chambers, Miller and Hinds-Radix, JJ., concur.