■ BART PARADISO, Appellant, v ST. JOHN'S EPISCOPAL HOSPITAL, Respondent. [20 NYS3d 913]—In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (O'Donoghue, J.), entered December 15, 2014, which granted the defendant's motion pursuant to CPLR 3404 to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs,

and the defendant's motion pursuant to CPLR 3404 to dismiss the complaint is denied.

The note of issue was vacated on April 29, 2013, and the plaintiff was not thereafter served with a 90-day demand pursuant to CPLR 3216. In June 2014, the defendant moved pursuant to CPLR 3404 to dismiss the complaint as abandoned. The plaintiff opposed the motion, asserting that CPLR 3404 was inapplicable. The Supreme Court granted the defendant's motion. We reverse.

When the note of issue was vacated, the case reverted to its pre-note of issue status, and CPLR 3404 did not apply to this case (*see Goodman v Lempa*, 124 AD3d 581 [2015]; *Dokaj v Ruxton Tower Ltd. Partnership*, 55 AD3d 661 [2008]; *Suburban Restoration Co., Inc. v Viglotti*, 54 AD3d 750, 751 [2008]). Accordingly, the defendant's motion pursuant to CPLR 3404 to dismiss the complaint should have been denied (*see Melendez v Plato Gen. Contr.*, 128 AD3d 653, 654 [2015]).

Contrary to the defendant's contention raised for the first time on appeal, this action could not have properly been dismissed pursuant to CPLR 3126 based upon the plaintiff's failure to comply with court-ordered discovery, since there was no motion requesting this relief and the plaintiff was not afforded an opportunity to be heard on this issue (*see Goodman v Lempa*, 124 AD3d 581 [2015]; *Arroyo v Board of Educ. of City of N.Y.*, 110 AD3d 17, 19 [2013]; *Mitskevitch v City of New York*, 78 AD3d 1137, 1138 [2010]). Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.