■ Edgar Ortiz, Respondent, v Wakefern Food Corp. et al., Appellants, et al., Defendants. [42 NYS3d 853]—

In an action to recover damages for personal injuries, the defendants Wakefern Food Corp., S.L. Benfica Transportation, Inc., S.L.F. Transportation, Inc., Fica Transportation, Inc., and Food Haulers, Inc., appeal, and the defendant Versa Cold, Inc., separately appeals, (1) from an order of the Supreme Court, Queens County (Hart, J.), entered April 6, 2016, and (2), as limited by their respective briefs, from so much of an order of the same court, also entered April 6, 2016, as granted that branch of the plaintiff's motion which was to restore the action to active status.

Ordered that the appeal from the first order entered April 6, 2016, is dismissed, without costs or disbursements, as that order was superseded by the second order entered April 6, 2016; and it is further,

Ordered that the second order entered April 6, 2016, is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action to recover damages for personal injuries. Discovery was conducted and a note of issue was filed. Thereafter, the parties agreed to strike the note of issue and remove the action from the trial calendar. The plaintiff subsequently moved, inter alia, to restore the action to active status, and the Supreme Court granted the motion.

Contrary to the appellants' contentions, the plaintiff was not required to establish his entitlement to restoration of the action under the standard applicable to automatic dismissals pursuant to CPLR 3404. Where, as here, the note of issue has been vacated, the case reverts to its pre-note of issue status, and CPLR 3404 is not applicable (*see Paradiso v St. John's Episcopal Hosp.*, 134 AD3d 1002, 1003 [2015]; *Melendez v Plato Gen. Contr.*, 128 AD3d 653, 654 [2015]; *Willis v City of New York*, 113 AD3d 674, 674-675 [2014]). In the absence of a 90-day demand pursuant to CPLR 3216, the plaintiff was entitled to have the action restored to active status (*see Melendez v Plato Gen. Contr.*, 128 AD3d at 654; *Montalvo v Mumpus Restorations, Inc.*, 110 AD3d 1045, 1046 [2013]; *Pucar v L.H. Charney Assoc., LLC*, 79 AD3d 996, 997 [2010]). Eng, P.J., Balkin, Sgroi and Barros, JJ., concur.