■ KIMBERLY LIEW, Individually and as Administrator of the Estate of VINCENT LIEW, Also Known as VINCENT ENG GUAN LIEW and Another, Deceased, Appellant, v JEFFREY SAMEL & PARTNERS et al., Respondents. [53 NYS3d 134]—

In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Queens

County (Taylor, J.), dated September 30, 2014, which, sua sponte, directed dismissal of the action as abandoned pursuant to CPLR 3404 and thereupon denied, as academic, the motion of the defendant Jeffrey Samel & Partners for summary judgment dismissing the complaint insofar as asserted against it and the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the action as abandoned pursuant to CPLR 3404, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal from that portion of the order is granted (see CPLR 5701 [c]); and it is further,

Ordered that the appeal from so much of the order as denied, as academic, the motion of the defendant Jeffrey Samel & Partners for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the plaintiff is not aggrieved thereby; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, so much of the order as denied, as academic, the motion of the defendant Jeffrey Samel & Partners for summary judgment dismissing the complaint insofar as asserted against it is vacated, and the matter is remitted to the Supreme Court, Queens County, for a determination of the motion and cross motion on the merits.

In December 2002, the plaintiff, Kimberly Liew, retained the defendant Jeffrey Samel & Partners (hereinafter the law firm) to represent her as the administrator of the estate of Vincent Liew, and individually, in connection with a medical malpractice action. In November 2010, she commenced this action as administrator and in her individual capacity against the law firm and the defendant Robert Spevack (hereinafter together the defendants), who, at all relevant times, was of counsel to the law firm and allegedly handled the medical malpractice matter. Issue was joined in early 2011. On April 6, 2012, although discovery had not yet been completed, the plaintiff filed a note of issue and certificate of readiness pursuant to a directive in a compliance conference order dated November 28, 2011. It is undisputed that on November 21, 2012, discovery was outstanding and the Supreme Court (Weinstein, J.) vacated the note of issue. In March 2013, in response to the law firm's service of a 90-day demand pursuant to CPLR 3216, the plaintiff moved, inter alia, to compel the depositions of the defendants and to restore the matter to active status. On April 1, 2013, the motion was resolved by a so-ordered written stipula-

tion which provided that the motion was withdrawn and that the defendants would appear for depositions on or before May 31, 2013. The court struck a proposed provision which would have restored the matter to active status and directed the filing of a note of issue on or before July 31, 2013. After the completion of discovery, the law firm moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved for summary judgment on the issue of liability. In the order appealed from, the court, sua sponte, directed the dismissal of the action pursuant to CPLR 3404 as abandoned and thereupon denied, as academic, the motion and cross motion. The plaintiff appeals.

The Supreme Court erred in, sua sponte, directing the dismissal of the action pursuant to CPLR 3404 as abandoned. When the note of issue was vacated, the case reverted to its pre-note of issue status and CPLR 3404 did not apply (*see Bank of N.Y. v Arden*, 140 AD3d 1099, 1100 [2016]; *Paradiso v St. John's Episcopal Hosp.*, 134 AD3d 1002, 1003 [2015]; *Montalvo v Mumpus Restorations, Inc.*, 110 AD3d 1045, 1046 [2013]; *Pucar v L.H. Charney Assoc., LLC*, 79 AD3d 996, 997 [2010]; *Gorski v St. John's Episcopal Hosp.*, 36 AD3d 757 [2007]).

The defendants' remaining contentions are either without merit or improperly based on matter dehors the record.

Since the Supreme Court did not consider the merits of the motion and cross motion, the matter must be remitted to the Supreme Court, Queens County, for a determination of the motion and cross motion on the merits (*see Hunter Sports Shooting Grounds, Inc. v Foley*, 73 AD3d 702, 705 [2010]). Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.