Guillebeaux v Parrott (2020 NY Slip Op 06762)





Guillebeaux v Parrott


2020 NY Slip Op 06762


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2019-10746
 (Index No. 11384/11)

[*1]Darius Guillebeaux, appellant,
v
Adrian Parrott, et al., respondents.


Edelstein & Grossman, New York, NY (Jonathan I. Edelstein of counsel), for appellant.
Brand Glick & Brand, Garden City, NY (Kenneth Finkelstein of counsel), for respondents Adrian Parrott and Torio M. Abdussammee.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Laurence L. Love, J.), entered July 17, 2019. The order denied the plaintiff's motion to restore the action to active status.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion to restore the action to active status is granted.
On May 10, 2011, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in a motor vehicle accident. Although discovery had not yet been completed, on October 11, 2012, the plaintiff filed a note of issue as directed by court order. Thereafter, the defendants Adrian Parrott and Torio M. Abdussammee moved, inter alia, to vacate the note of issue and remove the action from the trial calendar. In an order dated December 26, 2012, the Supreme Court granted the motion and vacated the note of issue. In April 2019, the plaintiff moved to restore the action to active status. In an order entered July 17, 2019, the court denied the plaintiff's motion based on the doctrine of laches.
CPLR 3404 does not apply to this pre-note of issue action (see WM Specialty Mtge., LLC v Palazzollo, 145 AD3d 714, 715; Lopez v Imperial Delivery Serv., 282 AD2d 190, 198). Further, there was neither a 90-day demand pursuant to CPLR 3216 (see U.S. Bank N.A. v Ricketts, 153 AD3d 1298, 1299), nor an order dismissing the complaint pursuant 22 NYCRR 202.27 (see US Bank N.A. v Madero, 154 AD3d 795, 795).
Moreover, "[t]he doctrine of laches does not provide [a] basis to dismiss a complaint where there has been no service of a 90-day demand pursuant to CPLR 3216(b), and where the case management devices of CPLR 3404 and 22 NYCRR 202.27 are inapplicable" (Arroyo v Board of Educ. of City of N.Y., 110 AD3d 17, 20; see Onewest Bank, FSB v Kaur, 172 AD3d 1392, 1393). "The procedural device of dismissing a complaint for undue delay is a legislative creation, and courts do not possess the inherent power to dismiss an action for general delay where the plaintiff has not been served with a 90-day demand to serve and file a note of issue pursuant to CPLR 3216(b)" [*2](Campbell v New York City Tr. Auth., 109 AD3d 455, 455; see Chase v Scavuzzo, 87 NY2d 228, 233; Airmont Homes v Town of Ramapo, 69 NY2d 901, 902; Arroyo v Board of Educ. of City of N.Y., 110 AD3d at 20). In the absence of a 90-day demand pursuant to CPLR 3216, the plaintiff's motion to restore the action to active status should have been granted (see Ortiz v Wakefern Food Corp., 145 AD3d 1024, 1025; Melendez v Plato Gen. Contr., 128 AD3d 653, 654; Montalvo v Mumpus Restorations, Inc., 110 AD3d 1045, 1046).
CHAMBERS, J.P., HINDS-RADIX, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court