21st Century Pharmacy v American Intl. Group (2021 NY Slip Op 03820)





21st Century Pharmacy v American Intl. Group


2021 NY Slip Op 03820


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-12205
 (Index No. 12995/16)

[*1]21st Century Pharmacy, appellant, 
v
American International Group, et al., respondents, et al., defendant.


Lewin & Baglio, LLP, Westbury, NY (Brendan J. Kearns of counsel), for appellant.
Weiss, Wexler & Wornow, P.C., New York, NY (Cory I. Zimmerman of counsel), for respondents American International Group and Albert Kemperle, Inc.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Mark S. Grube of counsel), for respondents Kenneth J. Munnelly and New York Workers' Compensation Board.



DECISION & ORDER
In an action, inter alia, for a judgment declaring that the Workers' Compensation Law does not prohibit a pharmacy from seeking payment of a prescription bill from the responsible party in a plenary proceeding in a court of appropriate jurisdiction, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered September 12, 2017. The order, insofar as appealed from, granted the motion of the defendants Kenneth J. Munnelly and New York Workers' Compensation Board pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction and directed dismissal of the complaint in its entirety.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs to the plaintiff payable by the defendants Kenneth J. Munnelly and New York Workers' Compensation Board, the motion of the defendants Kenneth J. Munnelly and New York Workers' Compensation Board pursuant to CPLR 3211(a)(2) to dismiss the complaint is denied, so much of the order as denied, as moot, the motion of the defendants American International Group and Albert Kemperle, Inc., pursuant to CPLR 3211(a)(1), (2), (7) and (10), to dismiss the complaint insofar as asserted against them is vacated, and the matter is remitted to the Supreme Court, Queens County, for a determination of the motion of the defendants American International Group and Albert Kemperle, Inc., on the merits.
The defendant Juan Flores filed for workers' compensation benefits after he was injured while working for his employer, the defendant Albert Kemperle, Inc. (hereinafter Kemperle). The plaintiff, a neighborhood drugstore located in Corona, Queens, dispensed prescription medicine to Flores and submitted bills directly to Flores and to the defendant American International Group (hereinafter AIG), the party alleged to be responsible for the payment of claims on behalf of Kemperle. The plaintiff also filed a demand for payment with the defendant New York Workers' Compensation Board (hereinafter the WCB).
No party accepted responsibility for the payment of the outstanding prescription bills and the plaintiff commenced this action seeking (1) a judgment declaring that the Workers' Compensation Law does not prohibit a pharmacy from seeking payment of a prescription bill from the responsible party in a plenary proceeding in a court of appropriate jurisdiction; and (2) a judgment against AIG, Flores, and Kemperle in the amount of $2,773.48. AIG and Kemperle (hereinafter together the AIG defendants) moved pursuant to CPLR 3211(a)(1), (2), (7) and (10) to dismiss the complaint insofar as asserted against them. They argued, inter alia, that the WCB is the sole forum empowered to hear and decide all disputes regarding any aspect of all workers' compensation claims and bills, including the disputes regarding the bills which were the subject of the complaint. The defendants Kenneth J. Munnelly and the WCB (hereinafter together the WCB defendants) moved pursuant to CPLR 3211(a)(2) to dismiss the complaint for lack of subject matter jurisdiction. The Supreme Court granted the WCB defendants' motion to dismiss, reasoning that where, as here, Workers' Compensation Law § 13 gave the plaintiff a vehicle to submit a claim for repayment, the plaintiff must seek resolution with the WCB and may not choose to resolve questions of fact or mixed questions of fact and law in court. The court directed dismissal of the complaint in its entirety for lack of subject matter jurisdiction and denied the AIG defendants' motion to dismiss as moot. The plaintiff appeals.
"Subject matter jurisdiction has been defined as the 'power to adjudge concerning the general question involved, and is not dependent upon the state of facts which may appear in a particular case, arising, or which is claimed to have arisen, under the general question'" (Thrasher v United States Liab. Ins. Co., 19 NY2d 159, 166, quoting Hunt v Hunt, 72 NY 217, 229). As a "court of original, unlimited and unqualified jurisdiction" (Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718, quoting Kagen v Kagen, 21 NY2d 532, 537), the New York State Supreme Court is vested with general original jurisdiction (see NY Const, art, VI, § 7[a]).
Pursuant to CPLR 3001, the Supreme Court "may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed. If the court declines to render such a judgment it shall state its grounds."
The Court of Appeals has ruled that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board" (Botwinick v Ogden, 59 NY2d 909, 911, citing O'Rourke v Long, 41 NY2d 219). Thus, while the Supreme Court properly determined that the appropriate forum to resolve the issues raised in the complaint is the WCB, the WCB's jurisdiction is primary and not exclusive. Accordingly, since this is a declaratory judgment action, the Supreme Court should have denied the WCB defendants' motion to dismiss the complaint for lack of subject matter jurisdiction, and reached the merits of the AIG defendants' motion (see CPLR 3001; Liew v Jeffrey Samel & Partners, 149 AD3d 1059, 1061; Lazarre v Davis, 109 AD3d 968, 969).
LASALLE, P.J., CHAMBERS, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court