Insuasti v La Boom Disco, Inc. (2022 NY Slip Op 05684)

Insuasti v La Boom Disco, Inc.

2022 NY Slip Op 05684

Decided on October 12, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2019-09831
 (Index No. 708836/14)

[*1]George Ortiz Insuasti, appellant, 
v
La Boom Disco, Inc., et al., respondents.

Tamara M. Harris, New York, NY, for appellant.
Christopher R. Lynn, Long Island City, NY, for respondents.

DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered July 2, 2019. The order denied the plaintiff's renewed motion to restore the action to the active calendar.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's renewed motion to restore the action to the active calendar is granted.
The plaintiff commenced this action to recover damages for defamation. After the completion of discovery, and the filing of a note of issue, the case was placed on the trial calendar. At the adjourned trial date of February 5, 2018, the plaintiff's counsel sent another attorney to request an adjournment. According to the plaintiff's counsel, she was unable to attend due to the hospitalization of her young daughter. Although there is no indication that any discovery remained outstanding at that time, the Supreme Court issued an order dated February 5, 2018, indicating that significant discovery remained outstanding, vacating the note of issue, and directing the parties to file a stipulation upon the completion of discovery in order to file a new note of issue.
When, according to the plaintiff's counsel, the defendants' attorneys would not agree to sign such a stipulation, the plaintiff moved to restore the action to the active calendar. While some of the defendants opposed the motion, they did not assert that discovery was incomplete. Nevertheless, the Supreme Court denied the motion, with leave to renew "upon the completion of all outstanding discovery." The plaintiff thereafter renewed his motion to restore, certifying that all discovery was complete. By order entered July 2, 2019, the court denied the renewed motion, concluding that the plaintiff failed to establish a reasonable excuse for his delay in seeking to restore the action and that the defendants were prejudiced by the delay. The plaintiff appeals.
The Supreme Court erred in denying the plaintiff's renewed motion to restore the action to the active calendar. While a party moving to restore an action more than one year after it was stricken from the trial calendar pursuant to CPLR 3404 must demonstrate a meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant (see Clausell v Giambalvo, 168 AD3d 810, 811), CPLR 3404 did not apply here because the case reverted to its pre-note of issue status once the note of issue was vacated (see Liew v Jeffrey Samel & Partners, 149 AD3d 1059, 1061; Bank of N.Y. v [*2]Arden, 140 AD3d 1099, 1100). "[S]ince this action could not properly be marked off pursuant to CPLR 3404, the plaintiff was not obligated to move to restore within any specified time frame," or to establish his entitlement to restoration of the action under the standard applicable to automatic dismissals pursuant to CPLR 3404 (Bank of N.Y. v Arden, 140 AD3d at 1100; see Ortiz v Wakefern Food Corp., 145 AD3d 1024, 1025). Thus, in the absence of a 90-day demand pursuant to CPLR 3216, the plaintiff's renewed motion should have been granted (see Guillebeaux v Parrott, 188 AD3d 1017, 1017-1018; Ortiz v Wakefern Food Corp., 145 AD3d at 1025).
IANNACCI, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court