Partanio v Federal Realty Inv. Trust (2023 NY Slip Op 00432)

Partanio v Federal Realty Inv. Trust

2023 NY Slip Op 00432

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2020-06265
 (Index No. 922/15)

[*1]Susan J. Partanio, respondent, 
v
Federal Realty Investment Trust, et al., appellants (and a third-party action).

Nicoletti Spinner Ryan Gulino Pinter, LLP, New York, NY (Matthew G. Corcoran of counsel), for appellants.
Sacco & Fillas, LLP, Bayside, NY (Richard Schirmer of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated February 5, 2020. The order, insofar as appealed from, granted the plaintiff's motion for leave to reargue her prior motion to restore the action to active status and for leave to refile the note of issue, which had been denied in an order of the same court dated July 29, 2019, and upon reargument, in effect, vacated so much of the order dated July 29, 2019, as denied the plaintiff's prior motion, and thereupon granted the prior motion to the extent of directing the plaintiff to file a new note of issue and restoring the action to active status upon the filing of the new note of issue.
ORDERED that the order dated February 5, 2020, is affirmed insofar as appealed from, with costs.
In January 2015, the plaintiff commenced this action against the defendants, Federal Realty Investment Trust and Street Retail, Inc., to recover damages for personal injuries allegedly caused by their negligence. In August 2016, the plaintiff served and filed a note of issue and certificate of readiness with an attachment which set forth outstanding items of discovery. The defendants subsequently commenced a third-party action against Shahid Choudhary and Al Ghazali Construction (hereinafter together the third-party defendants). In September 2017, the third-party defendants served their answer to the third-party complaint, along with various discovery demands.
On October 2, 2017, the matter was scheduled for a conference before the trial scheduling part. In an order dated October 2, 2017, the Supreme Court, vacated the note the issue "without prejudice to a stipulation by all parties to restore the matter to the Court's calendar upon the completion of all outstanding discovery and the case being ready for trial." The order also indicated that the plaintiff had not appeared at the conference.
In May 2019, the plaintiff moved to restore the action to active status and for leave to refile the note of issue, asserting, inter alia, that the outstanding discovery set forth in the attachment to the note of issue and certificate of readiness had been completed and that the plaintiff had complied with all court-ordered discovery. The defendants opposed the motion, and cross-[*2]moved pursuant to CPLR 3404 to dismiss the complaint as abandoned. In an order dated July 29, 2019, the Supreme Court, inter alia, denied the plaintiff's motion, deemed the action abandoned, directed dismissal of the complaint pursuant to CPLR 3404, and denied the cross-motion as academic in light of the determination.
In August 2019, the plaintiff moved for leave to reargue her prior motion to restore the action to active status and for leave to refile the note of issue. The defendants opposed the plaintiff's motion. In an order dated February 5, 2020, the Supreme Court, inter alia, granted the plaintiff's motion for leave to reargue and, upon reargument, in effect, vacated so much of the order dated July 29, 2019, as denied the plaintiff's prior motion, and thereupon granted the prior motion to the extent of directing the plaintiff to file a new note of issue and restoring the action to active status upon the filing of the new note of issue. The defendants appeal.
A motion for leave to reargue "shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall not include any matters of fact not offered on the prior motion" (CPLR 2221[d][2]). "Although a motion for leave to reargue is not designed to provide an unsuccessful party with successive opportunities to present arguments different from those originally presented, motions for reargument are addressed to the sound discretion of the court" (Coke-Holmes v Holsey Holdings, LLC, 189 AD3d 1162, 1164 [citation omitted]).
Here, contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting leave to reargue. The plaintiff established that in determining the prior motion to restore, the court had misapprehended matters of fact and law regarding the order dated October 2, 2017, and incorrectly deemed the action abandoned and directed dismissal of the complaint pursuant to CPLR 3404. Further, upon reargument, the court properly determined that CPLR 3404 was inapplicable to this matter, and granted the plaintiff's prior motion to restore the action to active status and to allow the plaintiff to refile the note of issue, to the extent of directing the plaintiff to file a new note of issue and restoring the action upon the filing of the note of issue.
CPLR 3404 states, in relevant part, that "[a] case . . . marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute." Here, however, the order dated October 2, 2017, vacating the note of issue and removing the case from the trial calendar was not equivalent to an order marking "off" or striking the case from the calendar pursuant to CPLR 3404 (see Montalvo v Mumpus Restorations, Inc., 110 AD3d 1045, 1046; Lane v New York City Hous. Auth., 62 AD3d 961, 961; Galati v C. Raimondo & Sons Constr. Co., Inc., 35 AD3d 805, 806). The vacatur of the note of issue placed the action back into pre- note of issue status, and CPLR 3404 is inapplicable to pre- note of issue cases (see Ortiz v Wakefern Food Corp., 145 AD3d 1024, 1025; Galati v C. Raimondo & Sons Constr. Co., Inc., 35 AD3d at 806). Thus, contrary to the defendants' contention, the plaintiff was entitled to have the action restored to active status, and the requirements for restoring an action to the calendar under CPLR 3404 are inapplicable (see Andre v Bonetto Realty Corp., 32 AD3d 973, 974-975).
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court