Carrero v Pena (2023 NY Slip Op 03448)

Carrero v Pena

2023 NY Slip Op 03448

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-06365
 (Index No. 20377/13)

[*1]Phillip Carrero, appellant, 
v
Cecilia Pena, etc., respondent, et al., defendants.

David J. Hernandez, Brooklyn, NY, for appellant.
Steven P. Forbes, Huntington, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Esposito, J.), entered February 20, 2020. The order, insofar as appealed from, denied the plaintiff's motion to restore the action to the active calendar and granted that branch of the cross-motion of the defendant Cecilia Pena which was to dismiss the complaint insofar as asserted against her.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's motion to restore the action to the active calendar is granted, and that branch of the cross-motion of the defendant Cecilia Pena which was to dismiss the complaint insofar as asserted against her is denied.
In November 2013, the plaintiff commenced this action, inter alia, to recover damages for false arrest against, among others, the defendant Cecilia Pena (hereinafter the defendant). The plaintiff alleged, among other things, that the defendant, a police officer with whom he had been in a relationship, conspired to falsely arrest him.
On May 1, 2015, the plaintiff filed a note of issue prior to the completion of discovery. In an order dated February 1, 2016, the Supreme Court vacated the note of issue, "without prejudice to a stipulation by all parties to restore the matter to the Court's calendar upon the completion of all outstanding discovery." On December 13, 2016, the plaintiff filed a second note of issue without a stipulation of the parties, which was rejected. In October 2018, the plaintiff moved to restore the action to the active calendar. The plaintiff failed to appear in court on the return date of that motion, and the motion was marked off the calendar.
In July 2019, the plaintiff again moved to restore the action to the active calendar. The defendant cross-moved, inter alia, to dismiss the complaint insofar as asserted against her, arguing, among other things, that dismissal was warranted based upon the plaintiff's failure to demonstrate a reasonable excuse for his delay in prosecuting the action and a potentially meritorious cause of action. In an order entered February 20, 2020, the Supreme Court, inter alia, denied the plaintiff's motion to restore the action to the active calendar and granted that branch of the [*2]defendant's cross-motion which was to dismiss the complaint insofar as asserted against her. The plaintiff appeals.
Pursuant to CPLR 3404, "[a] case . . . marked 'off' or struck from the calendar . . . and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute." "A plaintiff seeking to restore a case to the trial calendar more than one year after it has been marked 'off,' and after the case has been dismissed pursuant to CPLR 3404, must demonstrate a [potentially] meritorious cause of action, a reasonable excuse for the delay in prosecuting the action, a lack of intent to abandon the action, and a lack of prejudice to the defendant" (Clausell v Giambalvo, 168 AD3d 810, 811).
Here, the order dated February 1, 2016, vacating the note of issue was not equivalent to an order marking "off" or striking the case from the calendar pursuant to CPLR 3404 (see Partanio v Federal Realty Inv. Trust, 213 AD3d 685; Lane v New York City Hous. Auth., 62 AD3d 961). Thus, CPLR 3404 did not apply "because the case reverted to its pre-note of issue status once the note of issue was vacated" (Insuasti v La Boom Disco, Inc., 209 AD3d 725, 726; see Santiago v City of New York, 206 AD3d 948, 950). Further, contrary to the defendant's contention, since it is undisputed that the second note of issue filed on December 13, 2016, was rejected, the case remained in pre-note of issue status at that time. "'[S]ince this action could not properly be marked off pursuant to CPLR 3404, the plaintiff was not obligated to move to restore within any specified time frame,' or to establish his entitlement to restoration of the action under the standard applicable to automatic dismissals pursuant to CPLR 3404" (Insuasti v La Boom Disco, Inc., 209 AD3d at 726, quoting Bank of N.Y. v Arden, 140 AD3d 1099, 1100). As it is undisputed that there was neither a 90-day demand served upon the plaintiff pursuant to CPLR 3216 nor an order directing dismissal of the complaint pursuant to 22 NYCRR 202.27, and that discovery is complete, the Supreme Court should have granted the plaintiff's motion to restore the action to the active calendar (see Insuasti v La Boom Disco, Inc., 209 AD3d at 726; Guillebeaux v Parrott, 188 AD3d 1017, 1018; Islam v Destefano, 176 AD3d 1189, 1190).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court should have granted the plaintiff's motion to restore the action to the active calendar and denied that branch of the defendant's cross-motion which was to dismiss the complaint insofar as asserted against her.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court