Ortiz v Wakefern Food Corp. (2025 NY Slip Op 00970)

Ortiz v Wakefern Food Corp.

2025 NY Slip Op 00970

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-01465
 (Index No. 724545/21)

[*1]Edgar Ortiz, appellant, 
v
Wakefern Food Corp., et al., respondents, et al., defendants.

Dominick W. Lavelle (Law Office of Thomas R. Villecco, P.C., Jericho, NY, of counsel), for appellant.
O'Connor Redd Orlando LLP, Port Chester, NY (Michael P. Hess and Sean A. Latella of counsel), for respondents Wakefern Food Corp., S.L. Benfica Transportation, Inc., S.L.F. Transportation, Inc., FICA Transportation, Inc., and Food Haulers, Inc.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York, NY (Brian L. Battisti and Carl Ekberg of counsel), for respondent Versa Cold, Inc.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), entered January 4, 2023. The order granted those branches of the separate motions of the defendants Wakefern Food Corp., S.L. Benfica Transportation, Inc., S.L.F. Transportation, Inc., FICA Transportation, Inc., and Food Haulers, Inc., and the defendant Versa Cold, Inc., which were pursuant to CPLR 3404 to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the separate motions of the defendants Wakefern Food Corp., S.L. Benfica Transportation, Inc., S.L.F. Transportation, Inc., FICA Transportation, Inc., and Food Haulers, Inc., and the defendant Versa Cold, Inc., which were pursuant to CPLR 3404 to dismiss the amended complaint insofar as asserted against each of them are denied.
In 2010, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants Wakefern Food Corp., S.L. Benfica Transportation, Inc., S.L.F. Transportation, Inc., FICA Transportation, Inc., and Food Haulers, Inc. (hereinafter collectively the Wakefern defendants), and the defendant Versa Cold, Inc. (hereinafter Versa). In 2011, the plaintiff filed a note of issue and certificate of readiness, and in 2012, the Supreme Court struck the case from the trial calendar.
In two orders entered April 6, 2016, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to restore the case to the trial calendar and directed the plaintiff to file a note of issue and certificate of readiness by May 6, 2016. On April 11, 2016, the plaintiff filed a note of issue and certificate of readiness.
Versa and the Wakefern defendants separately appealed from the orders entered April 6, 2016, and this Court granted a stay of the trial pending determination of the appeals (see Ortiz v Wakefern Food Corp., 145 AD3d 1024). The stay expired on its own terms on December 28, 2016, when this Court issued a decision and order, inter alia, affirming the Supreme Court's determination granting that branch of the plaintiff's motion which was to restore the case to the trial calendar (see id.).
In 2021 and 2022, respectively, Versa and the Wakefern defendants separately moved, inter alia, pursuant to CPLR 3404 to dismiss the amended complaint insofar as asserted against each of them. In an order entered January 4, 2023, the Supreme Court granted those branches of the motions. The plaintiff appeals.
The Supreme Court erred in granting dismissal of the amended complaint insofar as asserted against Versa and the Wakefern defendants pursuant to CPLR 3404. That statute provides, in pertinent part, "[a] case in the supreme court . . . marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute" (id.). Versa and the Wakefern defendants did not establish that the case was marked off or struck from the court's calendar, or that the plaintiff failed to answer a clerk's calendar call. The stay that this Court issued pending determination of the prior appeal was not the equivalent of marking off or striking the case from the calendar (see Barbu v Savescu, 49 AD3d 678; Ballestero v Haf Edgecombe Assoc., L.P., 33 AD3d 952; see also Hemmings v Rolling Frito-Lay Sales, LP, 220 AD3d 754, 757).
BARROS, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court